IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEBRA L. INNOCENTI,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:20-cv-248-DAE |
| | § | |
| **CENLAR FSB,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT CENLAR FSB'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Cenlar FSB ("Cenlar" or "Defendant") files this Motion to Dismiss Plaintiff Debra L. Innocenti's ("Innocenti" or "Plaintiff") Original Petition and Application for Temporary Restraining Order and Temporary Injunction [Doc. 1-1] ("Plaintiff's Complaint") and respectfully shows the Court the following:

### I.
### SUMMARY

1.      Plaintiff sued Cenlar to stop the foreclosure on a property scheduled for February 4, 2020, despite her default in paying in accordance with the terms of the Note and Deed of Trust (hereinafter the "Loan Agreement") secured by that property. Though in default under the loan agreement, Plaintiff bases her lawsuit solely on her allegations that Cenlar breached the terms of the deed of trust.

2.      The Court should dismiss Plaintiff's Complaint in its entirety for failure to state a claim because Plaintiff's breach of contract claim fails as a matter of law.  First, Plaintiff admits to being in default under the loan agreement secured by the property and Cenlar's mortgage statement did not constitute an abandonment of acceleration.

## II.
## FACTUAL BACKGROUND

3. Plaintiff Debra L. Innocenti is the purported owner of certain real property located at 238 Pinewood Lane, San Antonio, Texas 78216 (the "Property"). To obtain the Property, Plaintiff executed a Note secured by a Deed of Trust on the Property, which was recorded in the Official Public Records of Bexar County, Texas.

4. Cenlar FSB is the mortgage servicer of the Deed of Trust.

5. Plaintiff concedes the Property was noticed for foreclosure sale on February 4, 2020 and she filed this lawsuit to stop the foreclosure sale [Doc. 1-1].

6. Though admitting she is in default under the loan, Plaintiff speciously bases her claims on the allegation that Cenlar sent a monthly statement following a notice of trustee's sale, abandoning acceleration. Based on her erroneous arguments, Plaintiff asserts cause of action for breach of contract and requests injunctive relief. [Doc. 1-1, at ¶¶ 10-12]. Plaintiff cannot maintain her cause of action for breach where she herself is in breach. Further, there are no factual allegations, much less any evidentiary support, that Plaintiff has damages resulting from any purported breach.

## III.
## ARGUMENT AND AUTHORITIES

### A. Rule 12(b)(6) Standard

7. Plaintiff's Complaint should be dismissed for failure to state a claim. In order to survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A 12(b)(6) motion is proper if either the Petition fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc.*

*v. U.S.A. Glas, Inc.*, 940 F.Supp.1026, 1030 (E.D. Tex. 1996). "However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss." *Percival v. American Home Mortgage Corp.,* 469 F.Supp.2d 409, 412 (N.D. Tex. 2007). "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *See Kane Enters v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement belief, which "requires more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly*, 127 S. Ct. at 1964-1965; *see also Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

8.      "Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *See Frith v. Guardian Life Ins. Co. of Am.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex.1998). "While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating the *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). "Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.; Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007).

### B. Plaintiff's Breach of Contract Claim Fails

9. Plaintiff asserts vaguely that Defendant breached its contractual obligations under the Deed of Trust by sending a Notice of Substitute Trustee's Sale and later sending a monthly mortgage statement. Plaintiff asserts no damages, while she continues to reside in the Property without making payments on the loan agreement.

10. To prevail on a breach of contract claim in Texas, the Plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Allamon v. Acuity Specialty Products, Inc.,* 877 F.Supp.2d 498, 506 (E.D. Tex. 2012) (citing *Am. Gen. Life Ins. Co. v. Kirsh,* 378 Fed. Appx. 379, 383 (5th Cir. 2010)).

11. First, Plaintiff does not deny that she is in default under the loan agreement and therefore lacks an essential element to her breach of contract claim. See *Metcalf v. Deutsche Bank Nat'l Tr. Co*., 2012 WL 2399369 *10 (N.D. Tex. June 26, 2012); *Owens v. Bank of Am., N.A*., 2012 WL 912721 *4 (S.D. Tex. Mar. 16, 2012); *Lewis v. Bank of Am., N.A.,* 3434 F.3d 540, 544-45 (5th Cir. 2003). Texas law is clear that where, as here, a plaintiff is in default on a contract due to his own failure to perform, that plaintiff may not assert a claim for breach of a contract. E.g., *See Juarez v. Wells Fargo*, No. 5:17-cv-00756-FB-RBF, 2018 WL 835211 at *4 (W.D. Tex. Feb. 12, 2018), adopted by 2018 WL 1895549 (W.D. Tex. Mar. 5, 2018). ("Having failed to perform his obligations pursuant to the Promissory Note and Deed of Trust, it is difficult (perhaps even impossible) to see how Juarez could ever prevail on a breach of contract claim of the type he describes.") (citing *Vera v. Bank of Am., N.A*., 569 F.App'x. 349, 352 (5th Cir. 2014)); *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (affirming trial court's dismissal of breach of contract claim because borrower was in default on the mortgage and "failed to allege

any facts showing her own performance" under the loan contract); *Lewis v. U.S. Bank Nat'l Ass'n*, No. 1:17-CV-1162-RP, 2018 WL 3544797, at *2 (W.D. Tex. July 3, 2018), adopted by 2018 WL 3543497 (W.D. Tex. July 23, 2018) (dismissing breach of contract claim because "Plaintiff affirmatively states that he has breached the loan agreement rather than pleading that he has performed under the agreement.") Plaintiff's breach of contract claim fails because she does not plead that she performed, or tendered performance, under the Loan, or that she suffered damages.

12. Second, under Texas law to prevail on a breach of contract claim, Plaintiff must show, among other things that she suffered damages as a result of Cenlar's alleged breach of the Loan contract. *See Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). Here, Plaintiff fails to allege that she suffered any damages as a result of the alleged breach of contract. Therefore, heir claim for breach of contract fails as a matter of law and must be dismissed.

13. Finally, even if Plaintiff could maintain her action for breach, she fails to specify any specific provision within the contract allegedly breached by Cenlar. *Mora v. BNC Mortgage, Inc.*, Case No. 5:19-CV-265-DAE, 2019 WL 3816276 (W.D. Tex. May 24, 2019) citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (explaining that under Texas law "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached").

C. **Injunctive Relief Should Denied**

14. Plaintiff also seeks injunctive relief precluding Defendant from foreclosing on the Property. A request for injunctive relief, however, is not a cause of action itself, but is dependent on an underlying cause of action. See *Denman v. Wells Fargo Bank, N.A.,* No. 5:13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013); *Smith v. Wells Fargo Bank, N.A.*, 2014 WL

3796413, at *2 (S.D. Tex. July 31, 2014); *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (holding claim for injunctive relief failed because plaintiff did not adequately plead any of their substantive legal claims); *Cheaton v. JPMorgan Chase Bank, N.A.*, No. H-11-1777, 2012 WL 298533, at *2 (S.D. Tex. Feb. 1, 2012) (dismissing petition requesting injunctive relief without other viable cause of action). Because Plaintiff has not asserted any viable causes of action against Defendant, Plaintiff is not entitled to any injunctive relief and such request should be denied.

## IV.
## CONCLUSION

Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Defendant respectfully requests that its Motion to Dismiss be granted and Plaintiff's claims be dismissed with prejudice. Defendant Cenlar FSB further requests all relief, at law or in equity, to which it is entitled.

Respectfully submitted,

By:   /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3809 Juniper Trace, Suite 101
Austin, Texas 78738
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
Crystal G. Gibson
State Bar No. 24027322
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100

        Addison, Texas 75001
        (972) 386-5040
        (972) 341-0734 (Facsimile)
        RobertFO@bdfgroup.com
        CrystalR@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF:***
Matthew J. Obermeier
Oliva, Saks, Garcia & Curiel, LLP
14255 Blanco Road
San Antonio, Texas 78216
matt@osgclaw.com
**ATTORNEY FOR PLAINTIFF**

        */s/ Shelley L. Hopkins*
        Shelley L. Hopkins