IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBRA L. INNOCENTI, | § | NO. 5:20-CV-248-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CENLAR FSB, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING MOTION TO DISMISS

The matter before the Court is Defendant Cenlar FSB's ("Cenlar")
Motion to Dismiss.  (Dkt. # 4.)  Pursuant to Local Rule CV-7(h), the Court finds
this matter suitable for disposition without a hearing.  After careful consideration
of the memorandum in support of the motion, the Court, for the reasons that
follow, **GRANTS** Cenlar's Motion to Dismiss.

BACKGROUND

In connection with the purchase of property located at 238 Pinewood
Lane, San Antonio, Texas 78216 ("the Property"), Plaintiff Debra L. Innocenti
("Plaintiff") executed a Note secured by a Deed of Trust on the Property.  (Dkt.
# 1-1 at 3.)  Cenlar is the current mortgagee and servicer on the Deed of Trust.
(Id.)  Plaintiff admits to defaulting on the Note, and concedes the Property was
noticed for foreclosure sale on February 4, 2020.  (Id.)

On February 3, 2020, the day prior to the scheduled foreclosure sale, Plaintiff filed the instant suit in the 285th Judicial District Court of Bexar County, Texas, seeking to prevent foreclosure of the Property. (Dkt. # 1-1.) Plaintiff's petition alleges a claim for breach of contract and seeks injunctive relief. (Id.) On February 28, 2020, Cenlar removed the action to this Court on the basis of diversity jurisdiction. (Dkt. # 1.) On March 4, 2020, Cenlar filed a motion to dismiss Plaintiff's claims. (Dkt. # 4.) Although represented by counsel, Plaintiff did not file a response and the time to do so has now passed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

DISCUSSION

Plaintiff's petition alleges that Cenlar breached its contractual obligations under the Deed of Trust by sending a Notice of Substitute Trustee's Sale and later sending a monthly mortgage statement.  (Dkt. # 1-1 at 3–4.) According to Plaintiff, because Cenlar sent her the subsequent statement demanding less than the accelerated unpaid principal balance, Cenlar abandoned the Notice of Sale.  (Id.)  Plaintiff also contends that Cenlar is required to provide her with at least 30 days to cure any default.  (Id.)  Given these events, Plaintiff contends that Cenlar is now in breach of contract.  (Id.)

Cenlar moves to dismiss Plaintiff's claims on the basis that the petition fails to state any claim upon which relief can be granted.  (Dkt. # 4.) Cenlar argues that Plaintiff herself has admitted she is in default on the Note.  (Id.) Cenlar also contends that Plaintiff alleges no damages, but she continues to reside in the Property without making payments on the loan agreement.  (Id.)

A.    Breach of Contract

In Texas, a plaintiff must establish the following essential elements of a breach of contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by defendant;

and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007) (quotation omitted).  To sustain a breach of contract claim, a plaintiff must typically "identify the specific provision in the contract that was breached" and cannot rely on general allegations. Seeberger v. Bank of Am., N.A., No. EP-14-CV-366-KC, 2015 WL 9200878, at *17 (W.D. Tex. Dec. 16, 2015) (citing Watson v. CitiMortgage, Inc., 814 F. Supp. 2d 726, 730 (E.D. Tex. 2011)).

Here, Plaintiff admits to being in default under the loan agreement. Given this, Plaintiff lacks an essential element to her breach of contract claim.  See Metcalf v. Deutsche Bank Nat'l Tr. Co., 2012 WL 2399369, at *10 (N.D. Tex. June 26, 2012); Owens v. Bank of Am., N.A., 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012); Lewis v. Bank of Am., N.A., 3434 F.3d 540, 544–45 (5th Cir. 2003).  Texas law is clear that where, as here, a plaintiff is in default on a contract due to her own failure to perform, that plaintiff may not assert a claim for breach of a contract.  E.g., Juarez v. Wells Fargo, No. 5:17-cv-00756-FB-RBF, 2018 WL 835211 at *4 (W.D. Tex. Feb. 12, 2018), adopted by 2018 WL 1895549 (W.D. Tex. Mar. 5, 2018) ("Having failed to perform his obligations pursuant to the Promissory Note and Deed of Trust, it is difficult (perhaps even impossible) to see how Juarez could ever prevail on a breach of contract claim of the type he describes." (citing Vera v. Bank of Am., N.A., 569 F. App'x. 349, 352 (5th Cir.

4

2014)); <u>Villarreal v. Wells Fargo Bank, N.A.</u>, 814 F.3d 763, 767 (5th Cir. 2016) (affirming trial court's dismissal of breach of contract claim because borrower was in default on the mortgage and "failed to allege any facts showing her own performance" under the loan contract).  Plaintiff has not pled that she performed, or tendered performance, under the Loan.

Plaintiff has also failed to allege that any such breach caused her damages, nor that it is continuing to cause any injury.  (<u>See</u> Dkt. # 1-1.) Regardless, since Plaintiff concedes she was behind on payments, she has not alleged sufficient facts that Cenlar was the cause of her damages.  <u>See, e.g.</u>, <u>Seeberger v. Bank of Am., N.A.</u>, No. EP-14-CV-366-KC, 2015 WL 9200878, at *17 (W.D. Tex. Dec. 16, 2015) (W.D. Tex. 2015).  Therefore, the Court finds that Plaintiff has failed to allege a claim for breach of contract.

B.  <u>Injunctive Relief</u>

Plaintiff's claim for injunctive relief also fails.  To obtain injunctive relief, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of her claim.  <u>See</u> <u>Harris Cnty. v. CarMax Auto Superstores, Inc.</u>, 177 F.3d 306, 312 (5th Cir. 1999).  Because Plaintiff has not pled any viable cause of action, she has not demonstrated a likelihood of success on the merits, and her claim for injunctive relief will also be dismissed.  <u>See, e.g.</u>, <u>Suarez v. Ocwen Loan Servicing, LLC</u>, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *4 (W.D. Tex.

Nov. 12, 2015); <u>Rodriguez v. Bank of Am., N.A.</u>, No. SA-12-CV-905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. Apr. 25, 2013).

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Cenlar's Motion to Dismiss (Dkt. # 4).  Because allowing Plaintiff leave to amend her claims would be futile, the Court will **DISMISS** Plaintiff's claims.  The Clerk's office is instructed to **ENTER JUDGMENT** and **CLOSE** the **CASE**.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, March 24, 2020.

_____
David Alan Ezra
Senior United States District Judge